O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-8191 AHM (RZx) | Date | December 12, 2008 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

**FILED UNDER SEAL.**

Coach, Inc. ("Coach") has filed under seal an ex parte application for a temporary restraining order, an order to show cause for a preliminary injunction, a seizure order, and an order for expedited discovery. All of these requests arise from allegations that sixteen different vendors operating in sixteen different locations around the Fashion District of downtown Los Angeles are infringing Coach's trademarks by manufacturing, importing, distributing, and selling counterfeit Coach merchandise. As explained more fully below, the Court denies the application without prejudice because Coach has failed to present specific facts that the matter to be seized will be located at the place identified in the application. *See* 15 U.S.C. § 1116(d)(b)(B). Similarly, Coach has failed to present specific facts showing that immediate and irreparable injury, loss, or damage will result to it before the adverse parties can be heard in opposition to the application for a temporary restraining order. *See* Fed. R. Civ. P. 65(b).

## I.     THE APPLICATION FOR A SEIZURE ORDER

Coach's ex parte application for a seizure order is made pursuant to 15 U.S.C. § 1116, which provides that in certain circumstances a court may order the seizure of infringing goods and counterfeit marks, as well as records documenting the manufacture, sale, or receipt of things involved in the infringement. The statute sets forth several findings that a court must make before it issues such an order. Particularly relevant to Coach's application, the court must find "that it clearly appears from specific facts that . . . the matter to be seized will be located at the place identified in the application." 15 U.S.C. § 1116(d)(4)(B). Coach has failed to present facts that would allow the Court to

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 12, 2008 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION., et al. | | |

make this finding.

Coach bases its application on investigations performed by a third party known as the Intellectual Property Enforcement Company, Inc. ("IPEC"). According to the declaration of Carlos Fernandez, IPEC's president, IPEC carried out four investigations relevant to the application. Fernandez Decl. ¶¶ 8-36. The investigations consisted primarily of successful attempts by IPEC employees to purchase one or more counterfeit items from the named defendants. All of the investigations of the named defendants, however, were performed nearly three months ago.[1] Contrary to what is suggested in the memorandum in support of plaintiff's ex parte application, nothing in the submitted declarations shows that evidence related to the named defendants was collected "[t]his past month." Memo at 2.

It is remarkable that Coach would rely on evidence collected nearly three months ago given that Fernandez states that the shops out of which most of the named defendants operate "are for the most part *transient*, that [sic] *frequently change hands* amongst owners who are often difficult to identify." Fernandez Decl. ¶ 11 (emphasis added). Coach's attorney, Brent H. Blakely, submitted a declaration with the same exact statement. Blakely Decl. ¶ 11. In light of the transient nature of these businesses, the months-old investigations of the named defendants are stale and are not a basis for the

-----

[1] Seven of the named defendants were investigated on September 17, 2008. Eight were investigated on September 18, 2008. One was investigated on September 24, 2008. The Court knows that it takes some time for Coach to evaluate the goods, and for Coach's attorneys to prepare an application, but Plaintiff has given no explanation for why this process took nearly three months.

The most recent investigation was carried out on November 8, 2008. Fernandez Decl. ¶ 35. But that investigation did not focus on any of the named defendants, who evidently operate out of shops. Instead it targeted "transient" and "anonymous street vendors" in Santee Alley. *Id.* Plaintiff does not even claim that these investigations of transient and unnamed defendants in a geographical area that spans approximately three city blocks form a basis for the Court to find that "the matter to be seized will be located at the place identified in the application."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 12, 2008 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION., et al. | | |

Court to make the finding required by 15 U.S.C. § 1116(d)(4)(B).[2]

Nor can the Court grant the request to order the seizure of goods from the "Maple Center."  This request is apparently based on an August 5, 2008 investigation of the Maple Center that was carried out by unspecified "law enforcement."  Fernandez Decl. ¶ 13.  The evidence collected in this investigation is even less timely than that collected from the September investigations.

Finally, even if Coach had provided evidence of timely investigations, the Court could not have granted its request to enter a seizure order that includes, in addition to the identified addresses of the named infringers, "other locations of the above named Defendants as may be uncovered during the seizure."  Such an order would be beyond the Court's authority as defined by 15 U.S.C. § 1116(d)(4)(B).

## II.    THE APPLICATION FOR A TRO WITHOUT NOTICE

Coach also applies for a TRO without notice.  Though Coach does not cite the relevant rule in its application or in its memo supporting the application, such TROs may only be issued pursuant to Federal Rule of Civil Procedure 65(b), which provides that:

(1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) *specific facts in an affidavit or a verified complaint clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2] The Court also notes that the Complaint, application papers, and declarations refer to two of the defendants by inconsistent names.  Though the Complaint names "Max Purse" the application refers to "Max Handbag."  Though the Complaint names "Princess Purse," the application refers to "Princess Handbag."

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 12, 2008 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION., et al. | | |

Fed. R. Civ. P. 65(b) (emphasis added).  The evidence gathered by the untimely IPEC investigations does not meet the standard in subsection (A) for the same reasons it does not meet the standard in 15 U.S.C. § 1116(d)(4)(B).

For the reasons stated above, the Court DENIES without prejudice Coach's ex parte application[3] for a temporary restraining order, an order to show cause for a preliminary injunction, a seizure order, and an order for expedited discovery.

|  | : |  |
|---|---|---|
| Initials of Preparer | RJ | |

---

[3] The application has not yet been assigned a docket number.