UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation,<br><br>           Plaintiff,<br><br>    vs.<br><br>ABNER'S FASHION, an unknown business entity; ANABEL COLLECTIONS, INC., a California Corporation; BELLAGIO USA, an unknown business entity; BHAG'S OF NEW YORK dba LINE HANDBAGS, an unknown business entity; BNB HANDBAGS, an unknown business entity; BOLSA BOLSA MEZON, INC., a California Corporation; BONITA TRADING CO., an unknown business entity; MAX PURSE, LLC, a California Corporation; MEZON, INC., a California Corporation; MOKA HANDBAGS, an unknown business entity; NEW FASHION, an unknown business entity; NEXT PAGE FASHION CORP., a California Corporation; PRINCESS PURSE, an unknown business entity; S.H. TRADING, an unknown business entity; SILVER SACK LLC, a California Corporation; TRIPLE GEAR INC. dba MW SALES dba TRACK, a California Corporation; and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO. CV 08-8191 AHM (RZx)<br><br>***TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, SEIZURE ORDER AND ORDER FOR EXPEDITED DISCOVERY***<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |

1

**TEMPORARY RESTRAINING ORDER, OSC FOR PRELIMINARY INJUNCTION, SEIZURE ORDER, ORDER FOR EXPEDITED DISCOVERY, AND ORDER SEALING THE FILE**

Plaintiff Coach, Inc. (hereinafter "Coach" or "Plaintiff"), having moved for a Temporary Restraining Order, Order to Show Cause for Preliminary Injunction, Seizure Order and Order Expediting Discovery pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants Abner's Fashion, Anabel Collections, Inc., Bellagio USA, BHAG's of New York dba Line Handbags, Bonita Trading Co., Max Purse, LLC, Mezon, Inc., Moka Handbags, New Fashion, Next Page Fashion Corp., Princess Purse, and Triple Gear Inc. dba MW Sales dba Track, and others (hereinafter, collectively, "Defendants"), are allegedly manufacturing, importing, distributing, offering for sale and/or selling goods bearing counterfeit reproductions of Coach's federally registered Coach trademarks, trade names and/or logos (collectively, "Coach Marks"), including but not limited to U.S. Trademark Registration Nos. 751,493; 1,077,000; 2,088,706; 1,070,999; 1,309,779; 2,045,676, and 2,626,565 which are owned and controlled by Coach and the Court, having reviewed the Complaint, Memorandum of Points and Authorities, supporting Declarations and Exhibits submitted therewith, finds:

     1.     Coach is likely to succeed in showing that many of the named Defendants have used and are continuing to use counterfeits or infringements of the Coach Marks in connection with the manufacture, importation, distribution, offer for sale and/or sale of merchandise (the "Counterfeit Products"). Those Defendants include Abner's Fashion, Anabel Collections, Inc., Bellagio U.S.A., BHAG's of New York, Bonita Trading Co., Max Purse, LLC, Mezon, Inc., Moka Handbags, New Fashion, Next Page Fashion Corp., Princess Purse, and Triple Gear Inc. (the Court will refer to these defendants as the "Investigated Defendants"). Coach has not made such a showing with respect to the remaining named Defendants and unnamed Does and the Court denies Coach's application without prejudice with respect to those defendants.

2

**TEMPORARY RESTRAINING ORDER, OSC FOR PRELIMINARY INJUNCTION, SEIZURE ORDER, ORDER FOR EXPEDITED DISCOVERY, AND ORDER SEALING THE FILE**

2. The manufacturing, importing, distributing, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Coach if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

3. The Investigated Defendants, or other persons acting in concert with such Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto inaccessible to the Court if Coach were to proceed on notice to the Investigated Defendants, thus frustrating the ultimate relief Coach seeks in this action;

4. The harm to Coach from denial of the requested *ex parte* seizure order would outweigh the harm to the Investigated Defendants' legitimate interests from granting such an order;

5. Coach has represented it has not publicized the requested seizure order;

6. Coach has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7. Coach has demonstrated the locations at which the Investigated Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto;

8. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Coach's remedies for trademark counterfeiting, including, inter alia, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Coach of lost profits or damages.

## ORDER TO SHOW CAUSE

THEREFORE, IT IS HEREBY ORDERED that the Investigated Defendants show cause on the 5th day of January 2009 at 10:00 a.m. or as soon thereafter as

counsel can be heard, in Courtroom 14, in the United States District Court for the Central District of California, Hon. A. Howard Matz, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Coach a preliminary injunction as follows:

    (a)    Enjoining and restraining the Investigated Defendants, their officers; agents, servants and employees and any persons in active concert or participation with them from:

        (i)    using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation of the Coach Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that the Counterfeit Products are connected with Coach;

        (ii)    passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

        (iii)    committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such; and

        (iv)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation of same.

    (b)    Impounding, during the pendency of this action, products and other items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the permissions of this Order.

///

4

**TEMPORARY RESTRAINING ORDER, OSC FOR PRELIMINARY INJUNCTION, SEIZURE ORDER, ORDER FOR EXPEDITED DISCOVERY, AND ORDER SEALING THE FILE**

**TEMPORARY RESTRAINING ORDER**

IT APPEARING to the Court that the Investigated Defendants are manufacturing, importing, distributing, offering for sale and/or selling the Counterfeit Products and will continue to carry out such acts unless restrained by Order of the Court,

IT IS ORDERED, that pending the hearing on Coach's application for a preliminary injunction, the Investigated Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a)   committing any of the acts set forth in subparagraph (a)(i)-(iv) above;

(b)   moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof;

(c)   removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof.

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

**ORDER FOR SEIZURE AND IMPOUNDMENT**

ORDERED, that the United States Marshal for this District, or any federal, state, county or local law enforcement officers, together with one or more attorneys or agents of Coach, is hereby authorized and directed to seize, impound and deliver to Coach or

its representatives any and all unauthorized and unlicensed merchandise bearing the Coach Marks, which the Investigated Defendants sell, attempt to sell or hold for sale, from the following locations and any other locations on (not merely in an adjoining area) Santee Alley:

| Defendant | Address |
| --- | --- |
| Anabel Collections, Inc. | 1142 ½ South Main Street, # A |
| Bonita Trading Co. | 1108 South Main Street |
| Moka Handbags | 1123 South Main Street |
| Triple Gear, Inc. dba MW Sales dba Track | 1210 South Main Street, # D |
| Abner's Fashion | 1126 Santee Street |
| Bellagio U.S.A. | 1100 South Los Angeles Street |
| Max Purse | 1141 South Santee Street, # B |
| Mezon, Inc. | 1135 South Santee Street |
| New Fashion | 1160 South Santee Street |
| Next Page Fashion Corp. | 1017 South Santee Street, # F |
| Princess Purse | 1047 South Santee Street |
| BHAG's of New York dba Line Handbags | 1118 South Santee Street, # D |

The above persons may also seize, impound and deliver to Coach or its representatives the books and records relating to the manufacturing, purchase, sale and/or distribution of unauthorized and unlicensed merchandise bearing the Coach Marks, including, but not limited to, records and data contained in electronic format on computers, hard drives, zip drives and/or disks, and the computers, hard drives, zip drives and/or disks containing such records and data in electronic form; as well as the containers in which any of the foregoing items are maintained, or held; and

1   IT IS FURTHER ORDERED, that the United States Marshal or other law
2   enforcement officer(s) effecting such seizure shall employ only the reasonable force
3   necessary to enter the locations where the Counterfeit Products or labels and business
4   records relating thereto may be found, and together with counsel for Coach, inspect the
5   contents of any computers, rooms, closets, cabinets, containers, cases, desks or
6   documents located on the identified location; and

7   IT IS FURTHER ORDERED that the U.S. Marshal or other law enforcement
8   officials carrying out this Order shall create a videotape record of their search, seizure,
9   and impoundment activities; and

10  IT IS FURTHER ORDERED that Coach's agents shall promptly inspect all
11  items seized and, if any items are found to be authorized products, such items are to be
12  returned to the Investigated Defendants within five (5) business days after the date this
13  Order is executed; and

14  IT IS FURTHER ORDERED that the search and seizure ordered herein may be
15  photographed or videotaped by the representatives of Coach for the purpose of
16  authenticating and assisting in obtaining evidence and preventing any controversy
17  regarding the activities and events occurring during said search and seizure; and

18  IT IS FURTHER ORDERED that the U.S. Marshal shall deliver the above items
19  to the offices of the Blakely Law Group at 915 North Citrus Ave., Hollywood, CA
20  90038, and the items shall be maintained there until further order of this Court.  The
21  Blakely Law Group shall take all steps necessary to assure that the removed items are
22  neither destroyed nor lost; and

23  IT IS FURTHER ORDERED, that any merchandise, records and other items
24  seized shall be appropriately tagged by Plaintiff to permit identification; Defendants
25  shall be given a receipt therefor, including a copy of such identification; such
26  merchandise, records or other items seized shall be impounded in the custody or
27  control of Coach or Coach's agents as substitute custodian pending further order of this
28  Court, and beginning not later than twenty-four (24) hours after the seized items have

1  been delievered to the Blakely Law Firm, shall be made available by the Blakely Law
2  Firm for inventory or inspection by the party from which it was seized or its counsel
3  between 8:00 a.m. and 6:00 p.m.; and

4      IT IS FURTHER ORDERED that any such records seized shall likewise be
5  impounded and shall be subject to a protective order whereby access thereto shall be
6  initially restricted to Coach's counsel, defendants and defendants' attorneys of record,
7  who shall all be permitted to inspect and copy such records, and such records shall be
8  copied and the copies returned to defendants within two (2) business days of the date
9  this Order is executed.  This protective order, restricting access to such documents,
10 shall expire on the date set forth above for the hearing on the Order to Show Cause,
11 unless extended by Court order, so that at such hearing and thereafter the contents of
12 such records may be revealed, unless otherwise ordered by this Court; and

13     IT IS FURTHER ORDERED, that Coach shall post a corporate surety bond,
14 cash or a certified or attorney's check in the amount of $15,000 as security, within
15 three (3) business days from the date of this Order, determined adequate for the
16 payment of such damages as any person may be entitled to recover as a result of a
17 wrongful seizure, attempted seizure, or restraint hereunder; and

18     IT IS FURTHER ORDERED, that sufficient cause having been shown, the
19 above seizure shall take place and service of this Order together with the Summons
20 and Complaint, shall be made on the Investigated Defendants personally, or by
21 delivery to an adult of suitable age, at the Investigated Defendants' place of business or
22 residence or where the Investigated Defendants are selling or holding for sale the items
23 to be seized and the records related thereto, and that pursuant to 15 U.S.C. §
24 1116(d)(5)(C) such service shall be made and such seizure shall take place within
25 seven (7) days from the date of this Order or at such time as may be extended by this
26 Court; and

27     IT IS FURTHER ORDERED that the persons carrying out the impoundment
28 and seizure authorized in this Order shall serve the Investigated Defendants with a

8

**TEMPORARY RESTRAINING ORDER, OSC FOR PRELIMINARY INJUNCTION, SEIZURE ORDER, ORDER FOR EXPEDITED DISCOVERY, AND ORDER SEALING THE FILE**

copy of this Order at the time of the seizure of goods pursuant to this Order. Before removing any items, the U.S. Marshal or person appointed by the Court shall give a reasonable opportunity, not less than five (5) minutes, to the person served with this Order to read the Order; and

IT IS FURTHER ORDERED, that Coach's counsel file with the court within five (5) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and

IT IS FURTHER ORDERED that at the January 5, 2008 hearing, pursuant to 15 U.S.C. § 1116(d)(10) Plaintiff shall have the burden to prove that the facts supporting findings of fact and conclusions of law necessary to support this order are still in effect. If Plaintiff fails to meet that burden, the seizure order shall be dissolved or modified appropriately.

## **ORDER FOR EXPEDITED DISCOVERY**

ORDERED, that discovery herein may begin immediately and Coach be permitted, immediately after service of the Court's order, to conduct an inventory of the Investigated Defendants' counterfeit Coach product, and to inspect and copy the Investigated Defendants' records of the purchase, manufacture, importation and sale of Counterfeit Products; and

IT IS FURTHER ORDERED that Plaintiff may take one deposition of each Inspected Defendant, regarding matter relevant to this action pursuant to Federal Rules of Civil Procedure 30 on not less than 48 hours notice subsequent to service of this Order, provided each Inspected Defendant may take one deposition of Plaintiff by not later than January 4th.

///

## DEFENDANTS' ANSWERING PAPERS

IT IS FURTHER ORDERED, that the Investigated Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Coach by delivering copies thereof to Blakely Law Group, 915 North Citrus Avenue, Hollywood, California 90038-2401, before 4:00 p.m. on December 31, 2009. Any reply shall be filed and served by Coach at the hearing specified above.

## FURTHER NOTICE TO DEFENDANTS

DEFENDANTS ARE HEREBY GIVEN NOTICE that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the within temporary restraining order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this temporary restraining order.

DEFENDANTS ARE HEREBY GIVEN FURTHER NOTICE they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

///
///
///
///
///
///
///

1    This order differs markedly from the Order initially proposed by the Blakely
2  Law Group, attorneys for Plaintiff.  The Court deleted several provisions from the
3  initial Order and added other provisions.  The initial Order is in the official court files.
4
5
6
7
8
9  DATED: December 18, 2008            _____
10                                       A. Howard Matz
11                                       United States District Court Judge