NOTE: CHANGES MADE BY THE COURT

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation,<br><br>                Plaintiff,<br>    vs.<br><br>ABNER'S FASHION, an unknown business entity; ANABEL COLLECTIONS, INC., a California Corporation aka ANABEL INC.; BELLAGIO U.S.A., an unknown business entity; BHAG'S OF NEW YORK dba LINE HANDBAGS, an unknown business entity; BNB HANDBAGS, an unknown business entity; BYEONG GI BAEG, an individual; BOLSA BOLSA MEZON, INC., a California Corporation; BONITA TRADING CO., an unknown business entity; MAX PURSE, LLC, a California Corporation; MEZON, INC., a California Corporation; MOKA HANDBAGS, an unknown business entity; NEW FASHION, an unknown business entity; NEXT PAGE FASHION CORP., a California Corporation; PRINCESS PURSE, an unknown business entity; S.H. TRADING, an unknown business entity; SILVER SACK LLC, a California Corporation; DANIEL LEE aka HYUNG DONG LEE, an individual; TRIPLE GEAR INC., a California Corporation dba MW SALES, INC. and TRACK; JOHN GOMEZ, an individual; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. 08-8191 AHM (RZx)<br><br>PRELIMINARY INJUNCTION ORDER |

1
**PRELIMINARY INJUNCTION ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that after consideration of the pleadings, declarations and other evidence in this matter, and having heard the arguments of the parties in support and opposition hereto, the Court issues the following Order for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act in the above entitled matter:

WHEREAS Plaintiff Coach, Inc. is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks"). Coach Marks include *but are not limited* to the following marks:

| Mark | Reg No. | Reg. Date |
|---|---|---|
| COACH | 751, 493 | 6/25/63 |
|  | 1,071,000 | 8/9/77 |
|  | 2,088,706 | 8/19/97 |
| "Coach & Lozenge Design" | 1,070,999 | 8/9/77 |
|  | 1,309,779 | 12/18/84 |
|  | 2,045,676 | 3/18/97 |
| "CC Design" | 2,626,565 | 9/24/02 |

Plaintiff, having shown that it is likely to succeed in showing that Defendants Abner's Fashion, Anabel Collections, Inc., Bellagio U.S.A., BHAG's of New York, Bonita Trading Co., Max Purse, LLC, Mezon, Inc., Moka Handbags, New Fashion, Next Page Fashion Corp., Princess Purse, and Triple Gear, Inc. ("Investigated Defendants") have used and are continuing to use counterfeits or infringements of the Coach Marks in connection with the manufacture, importation, distribution, offer for

sale and/or sale of merchandise, and the Court having made the necessary findings orally and on the record at a hearing held on January 5, 2009,

IT IS HEREBY ORDERED that the Investigated Defendants, their officers, agents, servants and employees and any persons in active concert or participation with the Investigated Defendants are ENJOINED from the following conduct:

(a) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation of the Coach Marks in connection with the manufacture, importation, purchase, distribution, marketing, advertisement, offer for sale and/or sale of goods that are not the genuine products of Plaintiff Coach;

(b) Passing off, or inducing or enabling others to sell or pass off, any products that are not Plaintiff's genuine Coach merchandise;

(c) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine Coach merchandise, unless they are such, and/or any acts calculated to cause purchasers to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise bearing the Coach Marks, unless they are so connected;

(d) Shipping, delivering, holding for sale, distributing, transferring or otherwise moving, storing, concealing, or disposing of in any manner goods falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation of the Coach Marks;

(e) Moving, destroying, concealing, or otherwise disposing of any products, labels, merchandise, documents or other items used for reproducing the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof;

(f) Removing, destroying, concealing, or otherwise disposing of any 1) computer programs, software, data, disks or other media; 2) business records or documents; and/or 3) any other evidence relating to the manufacture, purchase, distribution, marketing, advertisement, offer for sale and/or sale of goods falsely

bearing the Coach Marks or any reproduction, counterfeit, copy or colorable imitation of same; and

      IT IS FURTHER ORDERED that during the pendency of this action, the Investigated Defendants' counterfeit Coach products and other related items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to this Court's Order dated December 23, 2008, shall be impounded in the custody or control of Coach or Coach's agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel between 8:00 a.m. and 6:00 p.m.;

      IT IS FURTHER ORDERED that Plaintiff must return to Defendants Moka Handbags and Mezon, Inc. all goods seized from those Defendants, by not later than January 14, 2009;

      IT IS FURTHER ORDERED that all seized goods which are returned to said Defendants must be stored in a secured facility pending further order of this Court and shall be made available for inventory or inspection by Plaintiff Coach or its counsel during normal business hours;

      IT IS FURTHER ORDERED, as the Court stated at the January 5, 2009 hearing, that Plaintiff must return all goods seized from individuals or entities not designated by this Court as "Investigated Defendants," by not later than 12:00 pm on January 7, 2009.  This includes the goods seized from Hom Chong, the owner of Ueow Fashion. If Plaintiff is unable to locate any of the owners of these goods, it is to file a declaration by not later than January 14, 2009 establishing the steps it has taken to locate the owners.

DATED:     January 7, 2009          By:   _____
                                                     A. Howard Matz
                                                     United States District Judge