O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On January 7, 2009, this Court entered a preliminary injunction prohibiting many of the defendants in this case (the "Investigated Defendants") from engaging in acts related to the alleged infringement of Plaintiff Coach, Inc.'s ("Coach") trademarks. On February 25, 2009, the Clerk entered defaults for Defendants Abner's Fashion; Bellagio U.S.A; Bhag's of New York dba Line Handbags; Bolsa Bolsa Mezon, Inc; Max Purse, LLC; Mezon, Inc; Moka Handbags; New Fashion; and Princess Purse. Two days later, Attorney Mac E. Nehoray filed Answers on behalf of Bolsa Bolsa Mezon, Max Purse, Mezon, Inc., Moka Handbags, New Fashion, and Bellagio U.S.A. On March 6, 2009, the Clerk issued a Notice to Filer of Deficiencies in the filed answers because defaults had been entered.

The Defendants who filed the deficient answers now move to vacate and set aside the defaults pursuant to Federal Rule of Civil Procedure 55(c). That Rule provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." *See also* Fed. R. Civ. P. 77(c) (clerk may enter a default "[s]ubject to the court's power to suspend, alter, or rescind the clerk's action for good cause"). In *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000), the district court had set aside an entry of default without comment. The Ninth Circuit rejected the plaintiff's argument that the district court abused its discretion, and noted that "a district court's discretion is 'especially broad' when . . . 'it is the entry of default that is being set aside, rather than a default judgment.' . . . ." *Id.* at 504 (citation omitted).

In this case, Defendants' attorney has shown good cause for the Court to set aside the default, because the failure to file timely answers was due to his own errors and not

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

those of his clients.  The Court therefore GRANTS the motion to set aside the default.[1]  The answers filed by the moving defendants on February 27, 2009 are hereby deemed their operative responsive pleadings.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

---

[1] Docket No. 76.