Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

**Attorneys for Plaintiff Coach, Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ABNER'S FASHION, et al., <br><br> Defendants. | CASE NO. CV 08-8191 AHM (RZx) <br><br> ***ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION; VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANTS TRIPLE GEAR, INC. dba MW SALES, INC. dba TRACK and JOHN GOMEZ*** |

    Plaintiffs Coach, Inc. ("Plaintiff" or "Coach") and Defendants Triple Gear, Inc. dba MW Sales, Inc. dba John Gomez ("Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

    **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

    1.    This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

    2.    Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks"). The Coach Marks include but are not limited to the following: 3,354,448; 2,045,676; 2,626,565, and 3,251,315.

1

**[PROPOSED] ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF DEFENDANTS TRIPLE GEAR, INC. DBA MW SALES, INC. DBA JOHN GOMEZ**

3. Plaintiff has alleged, and Defendants deny, that Defendants' purchase and sale of products which infringe upon the Coach Marks constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Coach Marks, or marks confusingly similar or substantially similar to the Coach Marks, and, specifically from:

(a) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation of the Coach Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that the Counterfeit Products are connected with Coach or Coach's genuine merchandise bearing the Coach Marks;

(b) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

(c) Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products

(d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

(e) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely

bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

    (f)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

5.    Without any admission of liability, the parties have agreed that Defendants shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants' alleged infringing activities.  Plaintiff and Defendants shall bear their own costs associated with this action.

6.    The execution of this Final Judgment by Counsel for the parties shall serve to bind and obligate the parties hereto.

7.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendants Triple Gear, Inc. dba MW Sales, Inc. dba Track and John Gomez.

IT IS SO ORDERED.

DATED:  June 03, 2009

                                  HON. A. HOWARD MATZ
                                  **United States District Judge**

3

[PROPOSED] ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF
DEFENDANTS TRIPLE GEAR, INC. DBA MW SALES, INC. DBA JOHN GOMEZ