O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Kendra Bradshaw | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Plaintiff Coach, Inc. "Coach" has moved for partial summary judgment regarding liability of defendants Bellagio USA, Bolsa Bolsa Mezon, Inc., Max Purse, LLC, Moka Handbags, and Princess Purse for trademark infringement. For the foregoing reasons, the Court GRANTS Coach's Motion.[1]

To establish trademark infringement, a plaintiff must show that (1) plaintiff has a valid, protectable trademark, and (2) defendant's use of the mark is likely to cause confusion. 15 U.S.C. § 1114; *Applied Information Sciences v. Ebay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Coach has submitted evidence of its valid registrations for all the marks which it seeks to protect in this matter, and Defendants have not disputed the trademarks. Motion at 6; SUF ¶¶ 3-6; 8.

On likelihood of confusion, Coach makes two alternative arguments. First, Coach argues that Defendants' merchandise are "counterfeits," and that likelihood of confusion is presumed when the goods are counterfeit. "Where a defendant knowingly adopts the plaintiff's mark with the intent to capitalize on plaintiff's reputation the courts may presume that the public will be deceived." *AMF Inc., v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir.1979), *abrogated in part on other grounds by Mattel Inc., v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir.2003); *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1085 (9th Cir.2005). The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. Coach submits the

---

[1] Docket No. 126.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

following example of how their Defendants' products are substantially indistinguishable from the Coach marks that appear on authentic Coach products:





O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

Coach next argues that even if Defendants' goods are not considered to be "counterfeits," Coach is still entitled to summary judgment based on the balancing factors that the Ninth Circuit considers in determining likelihood of confusion. These factors are 1) the strength of the mark, 2) the proximity or relatedness of the goods, 3) the similarity of the marks, 4) evidence of actual confusion, 5) the marketing channels used, 6) the type of goods and the degree of care likely to be exercised by the purchaser, 7) the defendant's intent in selecting the mark, and 8) the likelihood of expansion of product lines. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). Below is a summary of Coach's main points regarding these factors, and Defendants' response (if any):

| Factor | Plaintiff's Evidence | Defendants Evidence |
|---|---|---|
| Strength of Mark | Coach's design has been in use since 2001 and is registered for a number of goods and services. SUF ¶¶ 1-15. | Not disputed. |
| Relatedness of Goods | Both Coach and Defendants are selling luggage, handbags, wallets, and other similar goods. SUF ¶¶ 16; 18; 27; 32; 33; 48; 68; 71. | Not disputed. |
| Similarity of Marks | The marks on the merchandise seized from Defendants Princess Purse, Max Purse, Moka Handbags, and Mezon were "substantially indistinguishable Defendant Bellagio USA has offered for sale" from Coach's | Defendants contend that their merchandise is distinguishable from the Coach products.<br><br>Defendants argue that the Declarations provided by |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

| | | |
|---|---|---|
| | merchandise. Bellagio's products are identical and bear the actual "COACH" and "Coach Heritage Marks." In support, they offer the testimony of Carlos Fernandez, President of the IP Enforcement Company, and April Pyatt, Manager of IP for Coach. Both Fernandez and Pyatt testify that Defendants' merchandise bears "substantially indistinguishable marks" from Coach's. Coach also provides photographs of Defendants' merchandise and photographs of authentic Coach products (e.g. Pyatt Decl. Exhs. 5, 7) | Carlos Fernandez and April Pyatt are based entirely on hearsay and as such are unreliable.<br><br>See below for further discussion. |
| <u>Evidence</u> of <u>Actual</u> <u>Confusion</u> | Coach offers no evidence of actual confusion, but cites cases in which summary judgment was granted in the absence of evidence of actual confusion. *See* Motion at 11. | Defendants argue that there is "no way there could be any confusion by the buyer due to the style, workmanship, quality and most importantly identifying tags on said products." Opp'n. at 6. |
| <u>Marketing</u> <u>Channels</u> <u>Used</u> | Coach sells its products on a wholesale and retail basis, as well as online. Defendants sell their products at the retail and wholesale level. Defendants do not dispute that they are in the business of selling "designer-inspired handbags." SUF ¶¶ 68, 70, 71. | Defendants argue that unlike Coach, none of the Defendants use mass media such as TV, radio, and magazines to market their goods. Opp'n. at 6.<br><br>Defendants allege that "all |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

| | | |
|---|---|---|
| | Plaintiffs allege that Defendants Moka Handbags, Mezon Inc., and Max Purse also sell their goods online. | of the products being sold on [its] website[s] today were purchased prior to the time of seizure and were examined by Ms. Chan and released by her as not being a counterfeit." SGI ¶¶ 69, 72; Kalimi Decl. ¶ 4; Singh Decl ¶ 4. |
| Degree of Purchaser Care | Coach argues that the "degree of purchaser care is indeed quite low in this situation where Defendants are selling handbags, which are relatively less expensive." Motion at 12. | Not addressed. |
| Defendants' Intent in Selecting Mark | Defendants were on constructive notice of Coach's rights by virtue of their trademark registration. Additionally, the high degree of similarity between the marks and the fact that Defendants are in the business of selling knock-offs is further evidence of their intent. | Not addressed. |
| Likelihood of Expansion of Product Lines | Coach and Defendants are already in the same product line. | Not addressed. |

### A.     Defendants' Objections to the Fernandez and Pyatt Declarations

Defendants argue that the Declarations provided by Carlos Fernandez and April

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

Pyatt are based entirely on hearsay and are unreliable and should not be considered by the Court. Specifically, Defendants argue that:

- neither was present when the products were allegedly purchased from the Defendants,
- "neither has personal knowledge of the chain of custody of the products from the time they were allegedly purchased or seized from the Defendants to the time they allegedly came into their possession,"
- neither has personal knowledge as to what product belongs to which defendant, and
- April Pyatt is an employee of coach and therefore her opinion is self serving.

In response, Coach points out that (1) Fernandez was present and assisted in the seizure of merchandise from Defendants' businesses, and (2) during Defendants' depositions, Defendants were shown each item obtained from Defendants' respective businesses and none denied having offered for sale or having sold said products. Reply at 2; Declaration of Brent H. Blakely, Exhs. 1-2 (portions of deposition testimony of Kavosh, Kalimi, Zokaeim, Singh, and Molarbie).

The Court overrules all of the objections.

**B. Defendants' products and marks are not distinguishable from the Coach products and marks**

Defendants' second argument for why summary judgment should not be granted is that the marks that their products bear are distinguishable from Coach products. They offer the declarations of the officers of Defendants, who make statements such as:

9. All of said products sold at Max Purse store and website had tags identifying the manufacturer which were clearly visible and as such it is impossible to confuse said products as Coach products.
10. All the products sold and Max Purse store and website were of different design, quality and workmanship than the Coach products.
11. None of the products sold at Max Purse store and website

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

      were over $25, as oppose to Coach's products which are rarely under $300.00.

12.   During the time I have sold said products, not even once has a customer been confused by the products purchased from Max Purse Store and/or website.

Declaration of Kalimi ¶¶ 9-12; SGI ¶ 61. *See also* Declaration of Zokaeim ¶¶ 7-10; Declaration of Singh ¶¶ 9-13; Declaration of Kavosh ¶¶ 7-10 (identical staments).

    Defendants' opposition focuses on three arguments for why there is no likelihood of confusion: (1) all the products which were allegedly purchased or seized from Defendants had tags on them identifying the manufacturer (as someone other than Coach); (2) April Pyatt, in her declaration, indicates that the products seized from Defendants were distinguishable from Coach products; and (3) there are other registered trademarks that are similar to Coach's and that "Defendants can rely on such registrations when they purchase [their] products." Opp'n. at 5.

    1.   <u>Identifying Tags</u>

    The only evidence that Defendants submit in support of their contention that the products that they sell have tags that identify a manufacturer other than Coach is a photograph of a wallet that has a tag bearing the name "Venessa." Zokaeim Decl. Exh. D. This is a spurious argument. The photographs of tags that Defendants have provided as examples do not indicate product origin, and Defendants cannot avoid liability simply by affixing a single tag that says something other than "Coach" to counterfeit merchandise. Moreover, at least some of Defendant Bellagio's products bear the name actual name "Coach." *See, e.g.,* Pyatt Decl. Exh. 15.

    2.   <u>Pyatt Declaration</u>

    Defendants also allege that statements made by April Pyatt in her declaration indicate that there are differences between authentic Coach merchandise and Defendants' merchandise. These statements include:

- The hardware and interior lining used on Defendants' products are not that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |

which are used by Coach;

• The packaging of Defendants' products is not that which is used by Coach;

• "Although Defendants' products bear identical and/or substantially indistinguishable reproductions of the Coach Marks, Coach does not make authentic merchandise bearing the styles and patterns found on Defendants' products;" and

• Defendants' products are of obvious inferior quality to Coach's

Opp'n. 4-5; Pyatt Decl. ¶ 27.

Coach argues that Pyatt's statements do not change the fact that Defendants' merchandise is likely to confuse consumers. Pyatt's statement that "Defendants' products are of obvious inferior quality when compared with authentic Coach products" was said in the context of her conclusion that Defendants' merchandise were counterfeits.

3. <u>Other Similar Registered Trademarks</u>

Defendants (with the exception of Bellagio) each filed a declaration stating that certain designs used on their products have their own trademark and/or copyright registrations. However, as Coach points out in its reply, none of the registrations that Defendants attach to their declarations appear on the products at issue in this Motion. Photographs of the merchandise seized from Defendants are attached to the Declaration of April Pyatt, Exs. 9 – 19 and Declaration of Carlos Fernandez, Exs. 1 – 16. None of these bear any of the marks that Defendants claim their merchandise uses, nor have Defendants put forth any evidence that their merchandise bears these marks (i.e. photographs of merchandise bearing such marks).

Below are the non-Coach marks that Defendants claim their merchandise uses (attached to Kavosh, Zokaeim, Kalimi, and Singh decls.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8191 AHM (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | COACH, INC. v. ABNER'S FASHION, et al. | | |





**C.      CONCLUSION**

Coach has put forth substantial evidence of its valid trademarks and of Defendants' infringement of these trademarks.  Defendants have not set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  Accordingly, the Court GRANTS Coach's motion for summary judgment.

_____ : _____
Initials of Preparer       KB