Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff Coach, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., | ) CASE NO. CV 08-8191 AHM (RZx) |
| Plaintiff, | ) **CONSENT JUDGMENT RE** |
| | ) **DEFENDANT BELLAGIO U.S.A.** |
| vs. | ) |
| ABNER'S FASHION, et al., | ) |
| Defendants. | ) |
| | ) |

WHEREAS Plaintiff Coach, Inc. ("Coach" or "Plaintiff"), having filed a Complaint in this action charging, inter alia, Defendant Bellagio U.S.A. (hereinafter collectively "Defendant") with trademark infringement and unfair competition based upon the alleged retail sale of products which infringe upon Coach's federally registered trademarks,

WHEREAS Defendant has agreed to consent to the following judgment, IT IS HEREBY ORDERED THAT:

1.      This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2.      Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").  The Coach

1   Marks include but are not limited to the following:  3,354,448; 2,045,676; 2,626,565,
2   and 3,251,315.

3       3.      Plaintiff has alleged that Defendant's purchase and sale of products which
4   infringe upon the Coach Marks constitutes trademark infringement and unfair
5   competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the
6   common law.

7       4.      Defendant and its agents, servants, employees and all persons in active
8   concert and participation with it who receive actual notice of this Final Judgment are
9   hereby permanently restrained and enjoined from infringing upon the Coach Marks,
10  either directly or contributorily, in any manner, including generally, but not limited to
11  manufacturing, importing, distributing, advertising, selling and/or offering for sale any
12  unauthorized product bearing the Coach Marks, or marks confusingly similar or
13  substantially similar to the Coach Marks, and, specifically from:

14          (a)     Using the Coach Marks or any reproduction, counterfeit, copy or
15  colorable imitation of the Coach Marks in connection with the manufacture,
16  importation, distribution, advertisement, offer for sale and/or sale of merchandise
17  comprising not the genuine products of Coach, or in any manner likely to cause others
18  to believe that the Counterfeit Products are connected with Coach or Coach's genuine
19  merchandise bearing the Coach Marks;

20          (b)     Passing off, inducing or enabling others to sell or pass off any
21  products or other items that are not Coach's genuine merchandise as and for Coach's
22  genuine merchandise;

23          (c)     Leasing space to any tenant who is engaged in the manufacturing,
24  purchasing, production, distribution, circulation, sale, offering for sale, importation,
25  exportation, advertisement, promotion, display, shipping, marketing of Infringing
26  Products

27          (d)     Committing any other acts calculated to cause purchasers to believe
28  that Defendant's products are Coach's genuine merchandise unless they are such;

1          (e)      Shipping, delivering, holding for sale, distributing, returning,

2   transferring or otherwise moving, storing or disposing of in any manner items falsely

3   bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation

4   of same; and

5          (f)      Assisting, aiding or attempting to assist or aid any other person or

6   entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to

7   4(e) above.

8      5.      Defendant is liable to Plaintiff for a total of $20,000.00.

9      6.      Plaintiff and Defendant shall bear their own costs associated with this

10  action.

11     7.      The execution of this Final Judgment by Counsel for the parties shall

12  serve to bind and obligate the parties hereto.

13     8.      The jurisdiction of this Court is retained for the purpose of making any

14  further orders necessary or proper for the construction or modification of this Final

15  Judgment, the enforcement thereof and the punishment of any violations thereof.

16

17  IT IS SO ORDERED.

18

19  DATED:      January 05, 2010      By:   _____

20                                          Hon. A. Howard Matz
                                            **United States District Judge**

21

22

23

24

25

26

27

28

3

CONSENT JUDGMENT RE DEFENDANT BELLAGIO U.S.A.